IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KENNEDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 07-0663-CV-W-HFS |
| | ) | |
| MIKE KEMNA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Kennedy seeks a new trial of his homicide conviction in State Court. He relies on a claim of ineffective assistance of counsel, asserted on numerous grounds. Experienced counsel for petitioner contends this is the second most "egregious instance of ineffective assistance of trial counsel" that he has encountered. (Doc. 20, p. 3). The Circuit Judge who tried the case and the appellate judges who rejected post-conviction relief relied largely on the strength of the prosecution's case as outweighing any defects in petitioner's representation. One eye-witness who identified petitioner as a killer (outside a Kansas City night-club) had known him quite well, and another identified him after having had a good chance to observe the shooting. Another member of the family of the most knowledgeable witness identified petitioner as a killer before dying before trial – his testimony was admitted into evidence for purportedly non-hearsay purposes, that is, to explain how law enforcement officials came to focus on petitioner.

Petitioner's strongest contentions, to be further reviewed, were that his alibi witnesses were unprepared and their testimony was a "disaster" (Doc. 20, p. 39), ballistic tests were available for the firearm that killed the victim and could have identified the firearm as one owned one year before

by a third person, and the prosecution's argument to the jury that ridiculed opposing counsel, referred to defendant's initial refusal to be interviewed, and warned of juror embarrassment if there were an acquittal. Incidental to lack of preparation of the alibi witnesses was a claim that there was a conflict of interest involving an investigator who was the father-in-law of another homicide victim where petitioner was a suspect.

Four Missouri judges have now concluded that any deficiencies of defense counsel do not undermine confidence in the soundness of the conviction. After independent consideration, I agree. The 18-page Memorandum attached to the appellate ruling (Resp. Exh. K) is attached to this ruling because in my judgment it adequately answers most of the questions raised by petitioner.

In several respects, however, I am inclined to agree with petitioner that under Federal law he is entitled to consideration of issues that the Missouri Court purported to disregard. Contrary to Missouri practice which disclaims review of the cumulative effect of trial counsel's alleged deficiencies, as noted on page 18 of the Memorandum, it has been held that for Sixth Amendment purposes "attorney errors must be considered 'in the aggregate'". Pavel v. Hollins, 261 F.3d 210, 216 (2d Cir. 2001). See also Washington v. Smith, 219 F.3d 620, 634-5 (7th Cir. 2000); Earls v. McCaughtry, 379 F.3d 489, 495-6 (7th Cir. 2004); United States v. Correia, 2002 WL 31052766 (D. Mass.). But Eighth Circuit rulings reject this approach. Middleton v. Roper, 455 F.3d 838, 851 (2006). I therefore accept Missouri rulings on this issue.

It seems to be Missouri practice under Rule 29.15 to disregard the effect on appeal of errors that have not been preserved as issues by trial counsel. Memorandum pp. 9-10. On Federal Constitutional challenges, however, failure to object and failure to preserve error may be considered for Strickland review of prejudice. Flores v. Demskie, 215 F.3d 293, 305 (2d Cir. 2000); Davis v. Secretary for Dept. of Corrections, 341 F.3d 1310, 1316 (11th Cir. 2003). But see Taylor v. United

2

States, 2008 WL 2224805 (6th Cir.).  While there appears to be a deficiency in Missouri's version of Strickland review, whether this is reachable in habeas need not be resolved in this case, where lack of prejudice is controlling for me.

I disagree with petitioner, however, that where deficiencies of trial counsel are asserted he is entitled to a presumption of prejudice on some or all of the claims.  Reliance on Roe v. Flores-Ortega, 528 U.S. 470 (2000), is limited to situations where a defendant has been deprived of a decision on the merits on all issues he wishes to raise, as when there has been no notice of appeal. Hendricks v. Lock, 238 F.3d 985 (8th Cir. 2001).  In the opinion of Judge Richard Arnold, although finding a presumption of prejudice when an appellate brief was so defective that it was wholly rejected by the Missouri Appellate Court, he distinguished situations where only some issues had not been properly presented.  While the logic of the distinction may be debated, this bright-line test seems to be in effect generally.  Petitioner fails to cite authorities supporting use of Flores-Ortega here.

Turning to the grounds for relief, the most tangible is the failure to present ballistics evidence linking the murder weapon with one owned a year earlier by Kareem Johnson.  Defense counsel declined to present that evidence because it would "muddy the waters" when his essential defense was an alibi theory.[1]

Under current Supreme Court doctrine, a "strategic" decision not to present certain evidence presumably remains subject to review as to reasonableness.  Wood v. Allen, 130 S. Ct. 841 (2010)

---

[1] There is also a reference by petitioner to a failure to investigate the whereabouts of the weapon, but this seems immaterial because current counsel has failed to produce anything helpful to the defense beyond the basic evidence of non-ownership of the weapon many months before the shooting.  It remains a mystery how the Johnson weapon of a previous date got to the shooter here.

(the "strategic" decision not to investigate was established as "a deliberate decision to focus on other defenses" rather than "mere oversight or neglect", but the reasonableness of the decision was not decided because not "'fairly included'" in the questions presented. 130 S. Ct. at 850-851). Simply saying "strategic" does not foreclose evaluation. The appellate Memorandum here concludes at page 6 that the earlier ownership issue was "at best, minimally probative in this case". While I doubt that counsel's disregard of the issue was professionally reasonable, since it would tend to bolster the alibi defense, even though it might be considered a distraction, I agree that the earlier Johnson ownership does not prove much, given the typical erratic history of firearm possession, and the unusually compelling eyewitness proof against petitioner. The Missouri Court ruling that petitioner failed to establish prejudice is clearly acceptable at this stage.

Conflict of interest did not impact on the alibi evidence "disaster". After learning of the family connection, the investigator took no active role, but simply observed the pre-trial interrogation of the witnesses by the prosecution. Assuming serious deficiencies in defense counsel's preparing the witnesses and keeping informed about their interviews or depositions, there is no showing from the witnesses in the 29.15 proceeding or otherwise that they could have been rehabilitated.

Petitioner's counsel suggests the alibi theory was so weak that it should have been abandoned (Doc. 20, p. 40) – leaving the defense without ultimate resources other than impeaching the eyewitnesses. A post-trial criticism of the handling of eyewitness identification by Darrell Miller (Resp. Exh. H pp. 177-8) is no longer pursued. Defendant's trial counsel appraised that testimony as "firm" and acknowledged that Miller was a "credible witness". The Missouri judges thought the defense was essentially a lost cause, and I agree. It is surely rare to have a very strong

suspect independently identified by two knowledgeable witnesses. Juries have of course sometimes done strange things, but the possibility of a lucky break does not authorize a retrial.

The Memorandum used by the appellate court adequately deals with the failure of counsel in connection with the prosecutor's closing argument.[2]

Impeachment issues as to a defense witness and prosecution witnesses have also been adequately dealt with in the Memorandum. The health issue was also appropriately ruled.

The Circuit Judge was best able to assess the likelihood of a more favorable result if counsel's conduct had been different. As best one can determine from transcripts I agree with her that there was no ultimate prejudice, and am in similar agreement with the Missouri Court of Appeals. Even without such deference as is required by statute, and without rejecting criticism of defense counsel's performance, I conclude that relief under 28 U.S.C. § 2254 must be denied.[3] The motion for relief (Doc. 1) is therefore DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October  26 , 2010

Kansas City, Missouri

---

[2] See also Fletcher v. Weir, 455 U.S. 603 (1982). The juror embarrassment argument could hardly have been material, given the trial record.

[3] There is enough here, however, to deserve appellate certification. I suppose some judges might conclude that trial counsel's deficiencies deprived petitioner of a fair trial, and that excessive judicial fact-finding is required to hold the conviction was almost fore-ordained.